```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :
   FREDDIE KNIGHT, DIN# 18A4297,                     :
                                                          :
                             Plaintiff,     :          1:19-cv-04022-GHW
                                                          :
               -v -                                   :          ORDER
                                                          :
   THE CITY OF NEW YORK, DOCTOR               :
   AZMAT HASAN OF CORRECTIONAL            :
   HEALTH SERVICES,                                   :
                                                          :
                       Defendants.    :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      On May 1, 2020, the Court issued a memorandum opinion and order granting Defendants'

motion to dismiss Plaintiff's Complaint.  Dkt. No. 39.  The Court ordered that "[a]ny amended

complaint must be filed no later than thirty days from the date of this order."  *Id.*  Therefore,

Plaintiff's amended complaint was due by no later than June 1, 2020.[1]  Plaintiff did not submit an

amended complaint by the deadline.  The Court waited two weeks to enter judgment and close the

case in order to ensure the Court would be in receipt of any timely-filed amended complaint.  As of

June 15, 2020, the Court had not received an amended complaint.  Dkt. No. 41.  Accordingly, the

Court directed the Clerk of Court to enter judgment in favor of Defendants and to close the case.

*Id.*

      Unbeknownst to the Court, on June 7, 2020, Plaintiff, who is incarcerated and proceeding

*pro se*, had requested an extension of time to amend his complaint until August 30, 2020.  Dkt.

No. 43.  Plaintiff thus dated his request one week late.  In his request, Plaintiff stated that he is

legally blind and that it is nearly impossible for him to understand print materials without the

_____

[1] The 30th day fell on May 31, 2020, but the deadline became June 1, 2020 by operation of Fed. R. Civ. P. 6(a)(1)(C).

assistance of other inmates.  *Id.* at 2.  Moreover, Plaintiff asserted that, because of the pandemic and

his own underlying medical conductions, he has been instructed to social distance himself from

others.  *Id.*  Finally, "there is a four to ten day delay to utilize this facility's law library."  *Id.*  The

Court did not receive Plaintiff's request for an extension until June 17, 2020.

Because judgment has already been entered against Plaintiff, the Court construes Plaintiff's

request for an extension of time to file an amended complaint to include a request to vacate the

judgment pursuant to Rule 60(b).  *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)

("A party seeking to file an amended complaint postjudgment must first have the judgment vacated

or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).").  "The decision whether to grant a party's

Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is

confined to determining whether the district court abused that discretion."  *Stevens v. Miller*, 676 F.3d

62, 67 (2d Cir. 2012).  Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion
> and just terms, the court may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have
> > been discovered in time to move for a new trial under Rule 59(b)
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> > or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an
> > earlier judgment that has been reversed or vacated; or applying it
> > prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "In addition to satisfying one of the six bases for relief in Rule 60(b), courts

also generally require a showing of 'highly convincing' evidence, good cause for not acting sooner,

and an absence of undue hardship on other parties. *Saavedra v. Mrs. Bloom's Direct, Inc.*, No. 17-cv-2180 (OTW), 2019 WL 4727578, at *2 (S.D.N.Y. Sept. 27, 2019) (citing *Kotlicky v. U.S Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

The Court assesses Plaintiff's motion under Rule 60(b)(6), which authorizes a district court to relieve a party from a final judgment for "any other reason that justifies relief."[2] Fed. R. Civ. P. 60(b)(6). It "is a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens*, 676 F.3d at 67. "Where, as here, a petitioner claims the delay in filing a motion was attributable to difficult circumstances posed by his incarceration, courts have been particularly reluctant to grant relief under Rule 60(b)(6)." *Rosario v. United States*, No. 09-cv-2578 (NRB), 2010 WL 3291805, at *2 (S.D.N.Y. Aug. 9, 2010). "For example, courts have held that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Id.* (quoting *Warren v. Kelly*, 207 F.Supp.2d 6, 10 (E.D.N.Y.2002)).

The circumstances described in Plaintiff's letter do not rise to the level of the "extraordinary circumstances" necessary for relief under Rule 60(b)(6). *See Rosario*, 2010 WL 3291805, at *2 (finding no extraordinary circumstances under Rule 60(b)(6) where *pro se* petitioner had severely limited law library access due to a lockdown and a delay in receiving mail wasted 24 days of petitioner's 60-day filing window); *Brown v. Nelson*, No. 05-cv-4498 (RJS), 2008 WL 4104040, at *3 (S.D.N.Y. Aug. 29, 2008) (finding no extraordinary circumstances under Rule 60(b)(6) where legally

---

[2] "Rule 60(b)(1) permits a court to vacate a judgment on the grounds of 'excusable neglect.' However, where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004).

blind *pro se* plaintiff asserted he was denied meaningful access to the law library and the right to have a legal assistant from the library).  Moreover, the Court notes that Plaintiff has not presented "highly convincing" evidence of his reasons for delay.  The only evidence presented is an unsworn letter. While Plaintiff's letter provides good reason why he could not timely file an amended complaint, it does not justify his failure to submit a straightforward request for an extension of time within the 30-day window.

Because Plaintiff has not demonstrated "extraordinary circumstances" that warrant relief under Rule 60(b)(6), Plaintiff's motion to vacate the judgment and for an extension of time to file an amended complaint are DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:  July 13, 2020

_____
GREGORY H. WOODS
United States District Judge

4